**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF VERMONT**

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2022 APR 19  AM 11: 58

CLERK

BY_____
DEPUTY

JANE DOE,

                        **Plaintiff,**

v.

VERMONT LAW SCHOOL,
SHIRLEY JEFFERSON,
HEIDI REMICK,
JOSEPH BRENNAN,
BETH McCORMACK,
JESSICA DURKIS-STOKES,
MAUREEN MORIARTY,
ASHLEY ZIA,
CYNTHIA W LEWIS, STEPHANIE
WILBANKS and
DOES 1 THROUGH 25 INCLUSIVE,

                        **Defendants.**

CIVIL ACTION NO.  5:22-cv-85

**VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**JURY TRIAL DEMANDED**

       Plaintiff sues Defendants for violations of 42 U.S.C. § 1983, Title VI of the

Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq., by disparate treatment on the basis of

race (black); Title III of the American with Disabilities Act of 1990 ("ADA");

amended by the ADA Amendments Act of 2008 ("ADAAA"), disparate treatment on the

basis of disabilities (attention deficit hyperactivity disorder (ADHD) and medical condition)

in violation of 42 U.S.C. § 12101; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C.

Section 794, and its implementing regulation at 34 C.F.R. § 35.130(a) by denying the

Plaintiff reasonable accommodations and retaliation for filing a complaint alleging that

Defendants discriminated against Plaintiff on the basis of her disabilities, ADHD and medical

1

condition; Title IX of the Education Amendments of 1972 20 U.S.C § 1681 (a) by denying

the Plaintiff the right to file a complaint with the Title IX coordinator on the basis of her

gender (female) and sexual orientation (heterosexual); violations of the Family Educational

Rights and Privacy Act (FERPA) by disclosing Plaintiff's student records to a third party

without Plaintiff's consent; violations of HIPAA by disclosing Plaintiffs medical records to a

third-party without Plaintiff's consent and harassing Plaintiffs medical physician to release

additional medical records without Plaintiff's consent; for violations of rights guaranteed by

the First Amendment of the United States Constitution by retaliating against Plaintiff for

engaging in protected expression and for violations of the Equal Protection Clause by

enforcing a policy where Defendants failed to meet their standard of proof to demonstrate

with "clear and convincing" evidence that Plaintiff knowingly violated Defendants Honor

code that was applied to Plaintiff to impose an unconstitutional restraint; and for injunctive

relief.

## PARTIES AND JURISDICTION

1.  Plaintiff is a disabled black heterosexual female 2L law student who is over the age of

    eighteen (18) and who is currently attending Vermont Law School and is close to completing

    her second year thereof. On information and belief and in view of the facts set forth herein,

    Defendants are engaging in intentional and unlawful conduct in an attempt to deny Plaintiff

    the opportunity to complete her legal education.

2.  Defendant, Vermont Law School (hereafter "VLS") is a private law school which is a

    recipient of federal funds. Plaintiff alleges that VLS, through it agents including Defendants

2

herein, is responsible for establishing the policies, conditions, and other practices that bear upon the Plaintiffs educational opportunities.

3.   Defendant, Shirley Jefferson ("Jefferson"), is and at all times material hereto was the Associate Dean for Student Affairs and Diversity at Vermont Law School. Jefferson ratified the Constitutional injuries herein alleged and violated Plaintiff's rights secured under the 5th and 14th Amendment to United States Constitution and acted in violation of 42 U.S.C. § 1983, Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq., Title III of the American with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12101, Title IX of the Education Amendments of 1972, 20 U.S.C § 1681 (a)  and  Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. Section 794, and its implementing regulation at 34 C.F.R. § 35.130(a), when Defendant Jefferson advised Plaintiff that she "can only protect the Blacks under her wings," and because Plaintiff was "not under her wings" she could not intervene, thus demonstrating disparate treatment of Plaintiff. Plaintiff also alleges that Defendant Jefferson informed her that disability was not recognized in the black community, and denied Plaintiff the ability to file a Title IX claim against Defendant Heidi Remick ("Remick") and wrongfully advising Plaintiff that she "may only file an complaint after an investigation is complete". Defendant Jefferson's actions were undertaken while Defendant Jefferson was an employee and agent of Defendant VLS, but such actions were not within the scope of Defendant Jefferson's employment as her actions were illegal and unlawful thus subjecting Defendant Jefferson to personal liability.

4.     Defendant Heidi Remick ("Remick") is and at all times material hereto is an online Professor of Law at VLS who teaches narrative writing. Remick ratified the Constitutional

injuries herein alleged and violated Plaintiff's rights secured under the 5th and 14th Amendment to United States Constitution and acted in violation of 42 U.S.C. § 1983, Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq., Title III of the American with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12101, Title IX of the Education Amendments of 1972, 20 U.S.C § 1681 (a) and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. Section 794, and its implementing regulation at 34 C.F.R. § 35.130(a), when Remick discriminated against her because Plaintiff was the only black female student in a class of 5 and who is disabled and heterosexual, when Defendant Remick graded the Plaintiff based on her race, disability, gender and sexual orientation harsher than white female students similarly situated. Defendant Remick asked Plaintiff if she was a member of the LGBTQ community after the Plaintiff submitted an OP-ED which Remick advised Plaintiff that she was "highly offended by the subject of your OP-ED" and after Plaintiff advised Defendant Remick that she, Plaintiff, was not a member of the subject community. In the next assignment after learning of Plaintiffs sexual orientation and based on Plaintiff's sexual orientation, Defendant Remick graded the Plaintiff harsher and reported the Plaintiff for alleged errors on an assignment to Dean of Students but refused to report similar errors made by white female students similarly situated in the same narrative writing course. Defendant Remick's actions were undertaken while Defendant Remick was an employee and agent of Defendant VLS, but such actions were not within the scope of Defendant Remick's employment as her actions were illegal and unlawful thus subjecting Defendant Remick to personal liability. On information and belief, Defendant Remick, together with Defendants McCormack and Brennan was the instigator of a conspiracy to cause Plaintiff harm and injury and to engender a situation intentionally designed to have Plaintiff either (a)

4

subjected to not being able to finish or graduate from VLS and/or (b) creating a situation intentionally designed to cause Plaintiff to withdraw from VLS. Further on information and belief, Defendant Remick, as the instigator of the conspiracy, engaged the other Defendants to participate in her conspiracy to cause harm and damage to Plaintiff.

5.      Defendant, Joseph Brennan, ("Brennan") is and was at all times material the Vice Dean of Students at Vermont Law School. Defendant Brennan ratified the Constitutional injuries herein alleged and violated Plaintiff's rights secured under the 5th and 14th Amendment to United States Constitution and acted in violation of 42 U.S.C. § 1983, Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq., Title III of the American with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12101, Title IX of the Education Amendments of 1972, 20 U.S.C § 1681 (a) and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. Section 794, and its implementing regulation at 34 C.F.R. § 35.130(a), and FERPA, and HIPPA rights as Defendant Brennan treated Plaintiff differently because of her race (black) than white female students similarly situated, and by unlawfully sharing Plaintiff's personal medical information with a third party without Plaintiff's consent or permission, and engaged in the discrimination of Plaintiff based on Plaintiff's race (black) and disability when Brennan unregistered Plaintiff from classes because of her disability, denied Plaintiff reasonable accommodations, discriminated against Plaintiff based on her 504 plan, and retaliated against Plaintiff for filing a complaint against the defendants with the United States Department of Education. Defendant Brennan's actions were undertaken while Defendant Brennan was an employee and agent of Defendant VLS and in furtherance of the conspiracy instigated by Defendants Remick and McCormack, but such

actions were not within the scope of Defendant Brennan's employment as his actions were illegal and unlawful thus subjecting Defendant Brennan to personal liability.

6.  Defendant, Beth McCormack, ("McCormack") is and was at all times material hereto Dean and President of Defendant VLS.  Defendant McCormack ratified the Constitutional injuries herein alleged and violated Plaintiff's rights secured under the 5th and 14th Amendment to United States Constitution and acted in violation of 42 U.S.C. § 1983, Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq., Title III of the American with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12101, Title IX of the Education Amendments of 1972, 20 U.S.C § 1681 (a) and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. Section 794, and its implementing regulation at 34 C.F.R. § 35.130(a), and FERPA, and HIPPA rights when Defendant McCormack accused the Plaintiff of wrongdoing for submitting her exam late based on her race and disability. Plaintiff alleges that Defendant McCormack discriminated against Plaintiff based on her 504 plan and retaliated against Plaintiff for filing a complaint against the defendants with the United States Department of Education. Plaintiff also alleges that Defendant McCormack knew or should have known that she established terms, conditions, practices and policies that bear upon educational opportunities of Plaintiff's race (black) and disability. Defendant McCormack knew of should have known that the Plaintiff was subjected to harassment, discrimination based on her race (black), disability, gender (female) and sexual orientation (heterosexual) and retaliation by Defendants Brennan, Jefferson, Remick, Stokes, and Moriarty when they denied Plaintiff her notice and right to due process, subjected Plaintiff to harsh grading, un-registration from on-campus classes, and permitted the Plaintiff to be treated differently than white students and non-disabled students  because of Plaintiff's race

(black) and differently than white female students similarly situated and disability, and denied Plaintiff reasonable accommodations. Defendant McCormack's actions were undertaken while Defendant McCormack was an employee and agent of Defendant VLS and in furtherance of the conspiracy instigated by herself and Defendant Remick, but such unlawful actions were not within the scope of Defendant McCormack's employment as her actions were illegal and unlawful thus subjecting Defendant McCormack to personal liability.

7.      Defendant, Jessica Durkis-Stokes (Stokes) is and was, at all times material hereto, the Investigator and Interim Director, Academic Success Program, at Vermont Law school. Defendant Stokes ratified the Constitutional injuries herein alleged and violated Plaintiff's Rights that are secured ratified the Constitutional injuries herein alleged and violated Plaintiff's rights secured under the 5th and 14th Amendment to United States Constitution and acted in violation of 42 U.S.C. § 1983, Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq., Title III of the American with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12101, Title IX of the Education Amendments of 1972, 20 U.S.C § 1681 (a)  and  Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. Section 794, and its implementing regulation at 34 C.F.R. § 35.130(a) when Stokes failed to provide notice of exhibits during the investigation based on Plaintiff's race and sexual orientation. Plaintiff further alleges that Stokes discriminated against Plaintiff based on her disability when she wrote in her investigators report that Plaintiffs 504 plan did not apply. Defendant Stokes' actions were undertaken while Defendant Stokes was an employee and agent of Defendant VLS and in furtherance of the conspiracy instigated by Defendants McCormack, Brennan and Remick,

but such actions were not within the scope of Defendant Stokes's employment as her actions were illegal and unlawful thus subjecting Defendant Stokes to personal liability.

8. Defendant Maureen Moriarty ("Moriarty") is and was at all times material hereto the Registrar and Director of Academic Procedures at Vermont Law school. Defendant Moriarty ratified the Constitutional injuries herein alleged; and violated Plaintiff's Rights that are secured ratified the Constitutional injuries herein alleged and violated Plaintiff's rights secured under the 5th and 14th Amendment to United States Constitution and acted in violation of 42 U.S.C. § 1983, Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq., Title III of the American with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12101, Title IX of the Education Amendments of 1972, 20 U.S.C § 1681 (a) and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. Section 794, and its implementing regulation at 34 C.F.R. § 35.130(a) when she unregistered Plaintiff from on-campus classes because of Plaintiffs disability, race and gender. Defendant Moriarty's actions were undertaken while Defendant Moriarty was an employee and agent of Defendant VLS and in furtherance of the conspiracy instigated by Defendants McCormack and Remick, but such actions were not within the scope of Defendant Moriarty's employment as her actions were illegal and unlawful thus subjecting Defendant Moriarty to personal liability.

9. Defendant, Ashley Zia ("Zia") is and was at all times material the Director of Student Affairs and Covid 19 coordinator at Vermont Law School. Defendant Zia ratified the Constitutional injuries herein alleged and violated Plaintiff's Rights that are secured ratified the Constitutional injuries herein alleged; and violated Plaintiff's rights secured under the 5th and 14th Amendment to United States Constitution and acted in violation of 42 U.S.C. § 1983, Title

8

VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq., Title III of the American with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12101, Title IX of the Education Amendments of 1972, 20 U.S.C § 1681 (a) and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. Section 794, and its implementing regulation at 34 C.F.R. § 35.130(a) when she discriminated against Plaintiff on the basis of her race (black) and disability and unregistered her from on-campus classes because of Plaintiffs race and disability, and denied Plaintiff reasonable accommodations. Defendant Zia's actions were undertaken while Defendant Zia was an employee and agent of Defendant VLS and in furtherance of the conspiracy instigated by Defendants McCormack, Brennan and Remick, but such actions were not within the scope of Defendant Zia's employment as her actions were illegal and unlawful thus subjecting Defendant Zia to personal liability.

10.     Defendant, Cynthia W. Lewis ("Lewis") is the Vice Dean for Faculty and Professor of Law, at Vermont Law school who ratified the Constitutional injuries herein alleged and violated Plaintiff's rights secured under the 5th and 14th Amendment to United States Constitution and acted in violation of 42 U.S.C. § 1983, Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq., Title III of the American with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12101, Title IX of the Education Amendments of 1972, 20 U.S.C § 1681 (a) and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. Section 794, and its implementing regulation at 34 C.F.R. § 35.130(a), and FERPA, and HIPPA rights when McCormack accused the Plaintiff of wrongdoing for submitting her exam late based on her race and disability. Plaintiff alleges that Lewis discriminated against Plaintiff based on her 504 plan

when Lewis concluded that Defendants McCormack and Willbanks did not discriminate against Plaintiff on the basis of race and disability, denied Plaintiff a copy of the investigators report on the based on Plaintiffs race and disability ,and retaliated against Plaintiff for filing a complaint against the defendants with the United States Department of Education. Plaintiff also alleges that Defendant Lewis knew or should have known that she established terms, conditions, practices and policies that bear upon educational opportunities of Plaintiff's race (black) and disability, and that Defendant Lewis knew of should have known that the Plaintiff was subjected to harassment, discrimination based on her race (black), disability, gender (female) and sexual orientation (heterosexual) and retaliation by Defendants Brennan, Jefferson, Remick, Stokes, and Moriarty when they denied her notice, right to due process, subjected Plaintiff to harsh grading, un-registration from on-campus classes, and permitted the Plaintiff to be treated differently than white students and non-disabled students because of Plaintiff's race (black) ,and denied Plaintiff  reasonable accommodations. Defendant Lewis' actions were undertaken while Defendant Lewis was an employee and agent of Defendant VLS and in furtherance of the conspiracy instigated by Defendants McCormack, Brennan, Jefferson and Remick, but such actions were not within the scope of Defendant Lewis' employment as her actions were illegal and unlawful thus subjecting Defendant Lewis to personal liability.

11. Defendant, Stephanie Willbanks ("Willbanks") is and was at all times material hereto a Professor of Law at Vermont Law school who ratified the Constitutional injuries herein alleged and violated Plaintiff's rights secured under the 5th  and 14th Amendment to United States Constitution and acted in violation of 42 U.S.C. § 1983, Title VI of the Civil Rights Act of 1964, 42 U.S.C.  §  2000d  et  seq.,  Title III of the American with Disabilities Act of

1990 ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12101, and  Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. Section 794, and its implementing regulation at 34 C.F.R. § 35.130(a) when Defendant Willbanks harshly graded the Plaintiffs final exam based on her race (black) and her disability and in a manner different from her grading of white students similarly situated. Defendant Willbanks' actions were undertaken while Defendant Willbanks was an employee and agent of Defendant VLS and in furtherance of the conspiracy instigated by Defendants McCormack and Jefferson, but such actions were not within the scope of Defendant Willbanks' employment as her actions were illegal and unlawful thus subjecting Defendant Willbanks to personal liability.

## JURISDICTION AND VENUE

12.   Jurisdiction of this action is proper in this Court as the claims herein are brought for violations of Federal law and thus jurisdiction is proper pursuant to 28 U.S.C. sec. 1331.

13. Plaintiff's pendent state law claims are proper under supplemental jurisdiction pursuant to 28 U.S.C. sec. 1367.

14.  Venue is proper in this Court as the conduct alleged herein took place within the territorial jurisdiction of this Court.

## MATERIAL FACTS COMMON TO ALL COUNTS

15.  On or about June 2020, Plaintiff was admitted into the three-year juris doctorate program at VLS law student.

16.   On or about November 2020, Plaintiff notified Defendants VLS, McCormack, Jefferson, Brennan, Zia, and Moriarty of Plaintiff's disability and need for reasonable accommodations.

11

17. On or about December 1, 2020, Defendants VLS and McCormack stated that Plaintiff's ADHD should not affect her in other areas outside of timed tests and quizzes. Plaintiff objected to Defendants VLS and McCormack's assertion. Defendants VLS and McCormack only agreed to grant Plaintiff reasonable accommodations of double-time for testing and timed quizzes.

18. On or about December 9, 2020, Plaintiff submitted her final exam for Defendant Willbanks' Torts course to Defendants Moriarty, McCormack, and Wilbanks at which time said Defendants informed Plaintiff that she was required to sign an honor code statement.

19. On or about December 17, 2020, Defendant McCormack held a video conference with the Plaintiff where Defendant McCormack advised the Plaintiff that she would be penalized for late submission because the Plaintiff received testing accommodations. Plaintiff objected to the penalty.

20. On or about January 8, 2021 Plaintiff appealed the 14 point penalty assessed against her due to the late submission of her exam. Plaintiff asserted that Defendants treated her differently on the basis or her race (black) when they penalized the Plaintiff for late (33 minutes) submission of her Torts exam and the Defendant's did not penalize a white student for late (4 hours) submission of their Tort exam. Plaintiff also asserted that Defendants treated her differently on the basis of her disability (ADHD) because Plaintiff received accommodations for double time than students who received accommodations for 50% time.

21. On or about January 12, 2021, Defendants denied Plaintiff's ability to attend a hearing during her appeal for grade change. Defendants cited that students were not allowed in hearings on their appeal.

12

22. On or about January 15, 2021, Plaintiff requested a reconsideration of appeal and permission to attend the hearing. Defendants denied Plaintiff the right to appear in the hearing. Defendants denied the appeal.

23. On or about February 3, 2021, Plaintiff submitted a Second request for reconsideration, after Defendant Jefferson advised that if Plaintiff withdrew her Title VI complaint against Defendants and requested a 5-7 point penalty, she would speak to the Committee on Standards (COS) to change Plaintiff's grade. Defendants again denied Plaintiff the right to appear for the hearing on her request for reconsideration.

24. On or about February 4, 2021, Defendants changed Plaintiffs grade from a C to a C+.

25. On or about February 10, 2021, Defendant Jefferson tried to discourage Plaintiff from moving forward with filing a Title VI complaint against defendants, allegedly citing that it would not be good for the Plaintiff.

26. On or about March 17, 2021, Defendants appointed Nell Coogan to investigate Plaintiffs claims on violation of Title VI.

27. On or about May, 20, 2021, Plaintiff participated in an interview with Nell Coogan. Plaintiff believed that Coogan was not an "independent" investigator.

28. On or about June 17, 2021, Defendant Jefferson notified Plaintiff that the investigation into her Title VI claims were completed but would not provide Plaintiff with a copy of the investigation report.

29. On or about June 20, 2021 Plaintiff filed a complaint against Defendants with the U.S. Department of education alleging discrimination on the basis on race and disability.

30. On or about October 2021, Plaintiff began her online Narrative course with Defendant Remick.

31. On or about November 12, 2021, Plaintiff submitted an OP-ED assignment worth 100 points to Defendant Remick.

32. On or about November 16, 2021, Defendant Remick graded Plaintiff's OP-ED 82/100 citing that the Plaintiff generalized in her OP-ED and had some grammar issues.

33. On or about November 20, 2021, Plaintiff expressed concern about the grade received and that she feared that she was being single-out or targeted.

34. On or about November 21, 2021, during a video meeting, Plaintiff advised Defendant Remick that although the grammar issues were minor, it was due to Plaintiff's ADHD because she suffered from inattention, poor memory, unable to spot errors at times which affected Plaintiff's writing, and that Plaintiff could not understand why she received such grade based on minor grammar. Defendant Remick replied that Plaintiff's disability was not a sufficient excuse. Plaintiff also raised concern that Defendant Remick was targeting her because of race as the only black female in the course, citing her comment on the Op-ED when Defendant Remick wrote, "just as there is homophobia in the Black community." Defendant Remick stated that she was offended by "the subject nature" of Plaintiffs Op-ED. Plaintiff repeatedly apologized for offending Defendant Remick and asserted her First Amendment rights. Defendant Remick then asked the Plaintiff if she were a member of the LGBTQ community because the Defendant was a member of the community. Plaintiff replied that she was not a member and raised concerns about whether her sexual orientation was an issue. Defendant Remick allegedly replied that she wanted the Plaintiff to understand why she received a grade of 82. Plaintiff and Remick then discussed the next 100-point assignment which was a memorandum or letter that was due the following week.

35. On or about November 26, 2021, Plaintiff timely submitted her memorandum assignment.

14

36.  On or about December 10, 2021, Plaintiff noticed that the Defendant Remick had graded the Plaintiff's assignment 25/100 stating that Plaintiff "crossed the line from merely sloppy attribution to outright plagiarism," because the Plaintiff who although provided citations did not "provide quotations of borrowed language." Plaintiff immediately objected to Defendant Remicks allegations.

37.  On or about December 14, 2021, Plaintiff contacted Defendant Jefferson about the allegations of plagiarism by Defendant Remick and that the Plaintiff believed that her allegations were motivated by race as the only black student with a disability who was heterosexual because other white students who did not provide quotations and had similar errors were not accused of plagiarism. Defendant Jefferson replied to Plaintiff "see, I told you not to file the last complaint, you made yourself a target. This is why I gotta protect the black students that stick with me because they do as I say. No one can touch my black students and they know not to mess with them. I can only protect the Black students under my wings from bs accusations like that" and because Plaintiff was "not under [her] wings" that she, Defendant Jefferson, could not intervene. Plaintiff also alleges that Defendant Jefferson informed her that the ADHD disability was "not really recognized in the black community" and told Plaintiff that she may only file a Title IX complaint after an investigation into plagiarism claim is complete.

38.  On or about December 16, 2021, Plaintiff received a letter from the Defendant Brennan informing Plaintiff of a complaint filed by Defendant Remick against Plaintiff as to allegations of plagiarism.

39.  On or about December 17, 2021, Plaintiff submitted a request to Defendant McCormack for an alternate dean to oversee the investigation due experience of bias, unfairness, and hostility by

Defendant Brennen. Defendant McCormack declined to appoint a different party to handle the investigation.

40.  On or about December 17, 2021, Plaintiff received an email from the Defendant Stokes as the investigator assigned to investigate Defendant Remick's claim.

41.  On or about January 18, 2022, Plaintiff requested medical exemption from CoVID-19 vaccine and reasonable accommodations to participate in virtual classes which were permitted for other non-disabled students.

42.  On or about January 18, 2022 Defendants, VLS, McCormak, Brennan, Jefferson, Moriaty, and Zia unregistered the Plaintiff from on-campus classes on the basis of her disability and advised Plaintiff to take medical leave or take online elective courses that Plaintiff did not need because of her disability.

43.  On or about January 18, 2022 VLS's Constitutional Law Professor and the Property Law Professor permitted the Plaintiff to participate in classes remotely due to her disability. However, Defendants denied Plaintiff to attend classes remotely threatening her with violation of the Honor code of conduct if she continued to attend classes remotely.

44.  On or about January 28, 2022 the American Bar Association confirmed that VLS received a waiver to allow students effected by Covid -19 to attend classes remotely.

45.  On or about February 11, 2022 Defendant Stokes interviewed Plaintiff. The meeting lasted about less than 10 minutes.

46.  On or about February 16, 2022, OCR of DOE notified Defendants of opening an investigation into allegations discrimination based on race and disability. Complaint No. 01-22-2005

16

47.   On or about February 28, Defendants concluded in their investigation that the Plaintiff plagiarized.

48. On or about March 8, 2022 Defendants denied Plaintiff medical exemption and request for reasonable accommodations, citing a letter received by an unknown third party, James Bath, MD, who is not the Plaintiffs physician. Plaintiff did not consent to any release of her medical records or student records to a third party.

49.   Defendant VLS, through and with the aid of Defendants Brennan and Zia, have now convened an "Honor Code hearing" where the Plaintiff has been denied the right to present and call witnesses (including Defendant Brennan), and has been denied the right to present documentary evidence.

50.   Defendant Brennan participated in the decision to deny Plaintiff the right to present and call witnesses and introduce documentary evidence at the hearing, which has been scheduled for Wednesday, April 20, 2022.

51.   Defendant Brennan has refused Plaintiff's reasonable request to schedule the hearing for another date.

52.   On February 16, 2022, the United States Department of Education issued a letter of notification (copy attached hereto) that the DOE has opened a formal investigation as to whether Defendant VLS subjected Plaintiff to different treatment on the basis of race when it penalized her for her torts exam late but did not similarly penalize a white student, in violation of 34 C.F.R. sec. 100.3(a) and (b), and whether Defendant VLS subjected Plaintiff to different treatment on the basis of disability by refusing to restore points lost due to the late submission because she was afforded extra time as a disability-based accommodation, in violation of 34 C.F.R. sec. 104.4 and 28 C.F.R. sec. 35.130(a).

17

53. On information and belief and in view of the facts set forth above and in furtherance of the conspiracy instigated by Defendants McCormack, Brennan, Jefferson, Lewis and Remick, the outcome of the "hearing" is predetermined against Plaintiff, who is being denied due process and is the victim of race discrimination, disability discrimination, sex discrimination and disparate treatment.

## COUNT I:

**Race Discrimination in Violation of Civil Rights Act of 1964 (Title VI) 42 U.S.C. § 2000d et seq., its implementing regulation at 34 C.F.R. Part 100**

54.  Plaintiff reaffirms and realleges paragraphs 1 through 53 above as if set forth more fully hereinbelow.

55.  Defendant VLS is a private law school which receives federal assistance and is thus legally obligated to provide equal treatment to all students regardless of race and disability.

56.  As set forth above, Defendants discriminated against Plaintiff on the basis of her race (Black) when Defendants treated her differently in grading and disciplinary practices, and subjecting Plaintiff to disparate treatment different than white students who engaged in similar conduct as that of which Plaintiff was accused.

57.  Plaintiff's race was a primary motivating factor in Defendants' decision to exclude and deny equal opportunities to Plaintiff, even if there are legitimate non-discriminatory reasons that also motivated these actions.

58.  As a direct and proximate result of the Defendants' actions, Plaintiff has suffered damages including emotional distress, inconvenience, anxiety, humiliation, and other indignities.

## COUNT II:

**Violation of Title IX 20 U.S.C § 1681 (a)**

18

59. Plaintiff reaffirms and realleges paragraphs 1 through 53 above as if set forth more fully hereinbelow.

60. Plaintiff is a heterosexual female.

61. Defendants VLS, McCormack and Remick failed to provide equal treatment and benefits to Plaintiff with equivalent opportunities for participation in tutoring or guidance, and in retaliation against Plaintiff on the basis of her gender (female) and sexual orientation (heterosexual) when Defendant Remick provided guidance on assignments to homosexual students.

62. Defendant Remick discriminated against Plaintiff in the grading and disciplining of Plaintiff.

63. Plaintiff's sexual orientation was a motivating factor in Defendant Remick's decision to adversely grade and harshly discipline Plaintiff, even if there are legitimate non-discriminatory reasons that also motivated these actions.

64. As a direct and proximate result of the Defendants' actions, Plaintiff has suffered damages including emotional distress, inconvenience, anxiety, humiliation, and other indignities.

## COUNT III:

**Violations of Title III of the American with Disabilities Act of 1990 (ADA) 28 CFR Part 36**

**and**

**Section 504 of the Rehabilitation Act of 1973 (Section 504), 29 U.S.C Section 794, and its**

**implementing regulation at 34 C.F.R. § 104.4 and 28 C.F.R. § 35.130(a).**

65. Plaintiff reaffirms and realleges paragraphs 1 through 53 above as if set forth more fully hereinbelow.

66. Plaintiff is an individual with a disability as defined in 42 U.S.C. §12102 and Section 504. At all relevant times, Plaintiff has suffered from, ADHD which causes functional impairment and has suffered from medical condition which causes chronic inflammation in the small intestines. Defendants have engaged in unlawful practices in violation of Title III of the ADA, as amended, and Section 504. Specifically, the Defendants discriminated against Plaintiff by failing or refusing to provide her with a reasonable accommodation on the basis of her disability ADHD, and un-registering her from classes based on of her medical condition and disability, in violation of 34 C.F.R. § 104.4 and 28 C.F.R. § 35.130(a).

67. Defendants discriminated against Plaintiff based on her disability, ADHD, when Defendants subjected Plaintiff to treatments of adverse grading and harsh discipline in Wilbanks' Torts course after Plaintiff was forced to sign an honor code statement to complete the submission of her Torts exam that Plaintiff submitted exam 33 (thirty-three) minutes late, and was assessed a 14-point deduction in her grade, when a white student, K. Fredrick ("Ms. Fredrick"), similarly situated, was not subjected to adverse grading or harsh discipline after she submitted her exam 4 (four) hours late and received zero penalty and was not required to sign an honor code statement to complete her exam.

68. Defendants also subjected Plaintiff to treatments of adverse grading and harsh discipline based on her disability, ADHD, in Defendant Remick's Narrative writing course after Plaintiff submitted her memorandum assignment on restorative justice provided citations in footnotes, but made errors in forgetting to add quotation marks, received a 25/100 and Defendant Remick accused Plaintiff or plagiarism, when E. Frank ("Ms. Frank") a student without disabilities who made similar errors was not subjected to adverse grading and harsh discipline when she received 91/100 was not accused of plagiarism in Remick's Narrative Writing course.

20

69. Defendants un-registered Plaintiff from classes and denied Plaintiff reasonable accommodation based on her medical condition and disability, after Plaintiff's medical physician advised that Plaintiff could not travel to test on campus and recommended remote classes to limit the exposure to CoVID-19 which could result in severe illness, including her demise. Defendants permitted non-disabled students to take classes remotely. Non-disabled students were not un-registered from classes.

70. Defendants' conduct demonstrates a planned and well-orchestrated scheme to deprive Plaintiff of equal treatment and equal protection.

71. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered damages including emotional distress, inconvenience, anxiety, humiliation, and other indignities.

## COUNT IV:

### Negligent Supervision (against Defendants VLS and McCormack)

72. Plaintiff reaffirms and realleges paragraphs 1 through 53 above as if set forth more fully hereinbelow.

73. At all times material, Defendant VLS has a duty to properly supervise its employees and agents including all of the individual Defendants above.

74. Defendants VLS and McCormack are liable for their negligent supervision of Defendants Jefferson, Remick, Brennan, Zia, Stokes, Moriarty, and Willbanks by negligently and/or recklessly giving improper orders and in failing to make proper regulations, by the employment of improper instrumentalities involving the risk of harm to others, and by permitting and failing to prevent negligent and tortious conduct of the individual Defendants with instrumentalities under their control.

75.  As a direct and proximate result of the negligent supervision actions of Defendants VLS and McCormack as set forth above, Plaintiff has suffered damages.

## **RELIEF REQUESTED**

Plaintiff requests the entry of Final Judgment in her favor as to all Counts of this Verified Complaint for damages to be proven at trial, interest on liquidated sums, costs and attorneys' fees as provided and permitted by law, and for any other relief which is just and proper including the entry of a Temporary Restraining Order cancelling and enjoining the April 20, 2022 "Honor Code Hearing" which request is made by separate Motion.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury of all matters so triable as a matter of right and pursuant to law.

## **VERIFICATION**

_____
Jeannie Romain

DISTRICT OF COLUMBIA

BEFORE ME, THE UNDERSIGNED AUTHORITY, personally appeared Jeannie Romain who is either (personally known to me) or (who has produced _____[type of identification, e.g. driver's license]) who executed the foregoing Verified Complaint in her own hand and swears, under the penalty of perjury, that the factual allegations in the Verified Complaint are true and correct to the best of her knowledge and belief.

_____

Notary Public, District of
Columbia
     My commission expires:

Dated this 18th day of April, 2022.

Plaintiff demands trial by jury of all matters so triable as a matter of right and pursuant to law.

## **VERIFICATION**

DISTRICT OF COLUMBIA

BEFORE ME, THE UNDERSIGNED AUTHORITY, personally appeared Jeannie Romain who is either (personally known to me) or (who has produced DRIVE LICENSE [type of identification, e.g. driver's license]) who executed the foregoing Verified Complaint in her own hand and swears, under the penalty of perjury, that the factual allegations in the Verified Complaint are true and correct to the best of her knowledge and belief.

_Jeannie Romain_

_Maria Elena Lopez_
Notary Public, District of Columbia

My commission expires: 1-14-2023



Dated this 18th day of April, 2022.

22

Respectfully submitted,

Albert Fox, Esq.
Chadwick and Spensley
PO Box 6172-11 Main St.
Brattleboro, VT 05302
#651797

Dated: April 19, 2022