UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2022 APR 19 PM 5: 18

CLERK

BY ɬɅw/
DEPUTY CLERK

| | |
|---|---|
| Jane Doe, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:22-cv-00085 |
| | ) |
| Vermont Law School *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ENTRY ORDER DENYING PLAINTIFF'S EX PARTE EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER TO ENJOIN APRIL 20, 2022 "HONOR CODE" HEARING**
(Doc. 2)

Plaintiff filed this ex parte emergency motion for a temporary restraining order ("TRO") on the afternoon of April 19, 2022, seeking to restrain an "Honor Code" hearing on April 20, 2022 at an unspecified time. (Doc. 2) Plaintiff avers that she was accused of plagiarism on or about December 10, 2021 and the "Honor Code" hearing pertains to that accusation.

Under Fed. R. Civ. P. 65, the court may issue a TRO without notice only if: "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(A)-(B). Plaintiff satisfies neither requirement.

Plaintiff's attorney's certification as to why notice should not be required states only that there was insufficient time to provide it. No information is provided as to when the challenged hearing was scheduled. "In cases where notice could have been given to the adverse party, courts have recognized a very narrow band of cases in which ex parte orders are proper because notice to the defendant would render fruitless the further

prosecution of the action." *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (internal quotation marks and citations omitted). While "an ex parte TRO may be appropriate where notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing," those circumstances are not present here. *Id.* (internal quotation marks and citations omitted). "[W]here a plaintiff has had advance notice" of the potential harm "but has waited until the last minute to file for injunctive relief, a 'knowing application at the eleventh hour is an independent ground' for denying a temporary restraining order." *Chapman v. Merch. Mart Properties*, 2007 WL 922258, at *3 (D. Vt. Mar. 23, 2007) (quoting *Baron Atlantic Ltd. v. Marrow*, 898 F.Supp. 242, 244 (S.D.N.Y. 1995)).

In addition, Plaintiff's Verified Complaint contains no "specific facts" that clearly show that "immediate and irreparable injury, loss, or damage will result before the adverse part[ies] can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Plaintiff cites reputational harm among prospective employers if the "Honor Code" hearing goes forward as scheduled but does not explain how this harm is "immediate," "irreparable," or cannot be redressed without issuing a TRO without notice to the opposing parties.

## CONCLUSION

For the foregoing reasons, Plaintiff's ex parte emergency motion for a TRO is DENIED (Doc. 2).

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 19th day of April, 2022.

Christina Reiss, District Judge
United States District Court